UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

AARON WRIGHT,

        Plaintiff,

v.                                                  Case No. 19-C-1467

NURSE SVITTANA KOVALCHUK,

        Defendant.

---

## SCREENING ORDER

---

Plaintiff Aaron Wright, who is currently serving a state prison sentence at Fox Lake Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed an initial partial filing fee. On October 21, 2019, Plaintiff filed a motion to waive the initial partial filing fee asserting that he does not have the funds in his trust account to pay the initial partial filing fee. On October 31, 2019, Plaintiff paid an initial partial filing fee of $3.20. The court will therefore deny Plaintiff's motion to waive the initial partial filing fee as moot and grant Plaintiff's motion for leave to proceed

without prepaying the filing fee. Plaintiff must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that on February 21, 2018, Defendant gave Plaintiff the medication that belonged to Ronnie Wright, another inmate. After Plaintiff took Ronnie Wright's medication, Defendant gave Plaintiff his own medication, which Plaintiff also consumed. In all, Plaintiff took

eleven pills causing him migraine headaches, lightheadedness, fainting, and psychological distress. He requests that the court award him $1,050,000.00 in damages.

## THE COURT'S ANALYSIS

Plaintiff claims Defendant was deliberately indifferent to his medical needs when she gave him the wrong medication. The Eighth Amendment prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. It imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety and to ensure that the inmate receives adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prison official's "deliberate indifference" to a prisoner's medical needs or to a substantial risk of serious harm violates the Eighth Amendment. *Id.* at 828; *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). This does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment. To prove a claim of deliberate indifference, the plaintiff must allege that "he suffered from 'an objectively serious medical condition' and that the 'defendant was deliberately indifferent to that condition.'" *Wilson v. Adams*, 901 F.3d 816, 820 (7th Cir. 2018) (quoting *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016)). A condition may be "objectively serious" if the failure to treat the condition would result in "further significant injury or the wanton infliction of pain" or where a reasonable doctor or patient would find treatment warranted. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). As to the second prong, deliberate indifference requires more than negligence or gross negligence; it requires that the defendant knew of, yet disregarded, an excessive risk to the plaintiff's health or safety. *Farmer*, 511 U.S. at 835, 837; *see also Estelle*, 429 U.S. at 104.

Although administering the wrong medication to a plaintiff may pose substantial risk of harm, the temporary symptoms Plaintiff experienced, including headache, lightheadedness, and

3

fainting, are not sufficient to suggest that taking the medication placed Plaintiff at a substantial risk of serious harm. In addition, Defendant's isolated mistake does not raise a plausible inference of deliberate indifference. *See Robbins v. Waupun Correctional Institution*, No. 16-CV-1128, 2016 WL 5921822, at *3 (E.D. Wis. Oct. 11, 2016) (collecting cases). Defendant may have been negligent in administering the medication, but allegations of negligence are insufficient to support a claim of deliberate indifference. *See Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) ("Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of the risk."). The complaint contains no allegations that Defendant intentionally or recklessly disregarded his serious medical needs. Plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to waive the initial partial filing fee (Dkt. No. 7) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $346.80 balance of the filing fee by collecting monthly

payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined and emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Green Bay, Wisconsin this  4th  day of November, 2019.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court

---

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.